**FILED**

Dec 05 2022

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____s/ JenniferS_____ DEPUTY

1  Genaro Lara, SBN145659
   110 West C Street, Suite 1324
2  San Diego, CA 92101

3  Tel: 760-8094942

4  genarolara62@aol.com

5

6

7

8

9

10

11            **UNITED STATES DISTRICT COURT**

12            **SOUTHERN DISTRICT OF CALIFORNIA**

13

**JOSE BARAJAS CENTENO,**              )   **CIVIL NO.** '22CV1913 JLS  DEB
14
**JEAN WORTHAM,**                      )
15
**PLAINTIFFS**                         )
16
**VS.**                                )
17                                      )   **1. VIOLATION OF CIVIL RIGHTS**
**CITY OF CARLSBAD, A MUNI-**          )
18                                      )   **42 U.S.C. §§1983, 1985**
**CIPAL CORPORATION, POLICE**          )
19                                      )   **2. AMERICANS WITH**
                                       )
20                                      )      **DISABILITIES**
**OFFICER RIGG,NO. 5355, INDIVI**      )
21                                      )      **ACT, 42 U.S.C. §12131, ET SEQ.**
**DUALLY AND AS POLICE**               )
22                                      )   **3.  VIOLATION OF 42 U.S.C. §1983**
**OFFICER, MICKEY WILLIAMS,**          )       **14TH AMENDMENT**
23                                      )
**CHIEF OF CARLSBAD POLICE,**          )
24                                      )   **4.  CONSPIRACY TO FABRICATE**
**MATT HALL, MAYOR OF THE**            )
25                                      )      **FRAUDULENT EVIDENCE.**
**CITY OF CARLSBAD, DANIEL**           )
26                                      )      **42 U.S.C.  §1983**
**S. MODAFFERI, LORI  S.**             )
27                                      )   **6.  CONSPIRACY TO FABRICATE**
**TURNER, C.S.R.**                     )
28                                      )      **EVIDENCE.**
**CELIA BREWER, CITY**                 )
                                       )

| | |
|---|---|
| 1  ATTORNEY, NEAL S. MEYERS, ) | |
| 2  GOLNAR J. FOZI, JEREMY M. ) | **5TH CAUSE OF ACTION:** |
| 3  DWORK, TOM A. WISEMAN, ) |    **FRAUD UPON THE COURT:** |
| 4  STEVEN A. SOBIERAJ, ) | **6: VIOLATION OF 42 U.S.C. 1983** |
| 5  KAMAL JAIN, MICAHAEL V. ) |    **MONELL** |
| 6  CLAIM. ) | **7. VIOLATION OF FIRST** |
| 7  STORTI, GABRIEL KONTA- ) |    **AMENDMENT  U.S. CONSTITU-** |
| 8  ROVSKY, CAROLINE G. ) |    **TION.** |
| 9  DINGES, DEFENDANTS, AND ) | **8.  CONVERSION** |
| 10  DOE DEFENDANTS 1-50, ) | **9.  CAL. CIVIL CODE 47 (b).** |
| 11  INCLUSIVE. ) | |

**INTRODUCTION**

1. Plaintiff alleges:

**JURISDICTION AND VENUE:**

2. This is an action of law to redress the deprivation under color of statute, custom, or usage of a right, privilege, and immunity secured to plaintiff Jose Barajas Centeno, by the Fourteenth Amendment of the U.S. Constitution and 42 U.S.C. §1983, and §1985, and arising under the laws and statutes of the state of California.

3.   The Jurisdiction of this Court is invoked under 28 U.S.C. §§1331,  1343(3), and 28 U.S.C. §1367 pendent jurisdiction,  Title II, of the Americans with Disabilities Act, 42 U.S. C. §§12131-12203, Section 504 of the Rehabilitation Act, 1973, Section 504, this being an action authorized by law to redress the deprivation under color of state law, statute, custom, and usage of a right, privilege, and immunity secured by plaintiff, Jose Barajas Centeno, by the Fourteenth Amendment of the, is an individual with a "disability," within the meaning of ADA section 3(2) 42 U.S.C. 12, 102 (2).  United States constitution.

1

2    VENUE: The incidents alleged herein occured in the County of San Diego, State

3    of California, therefore the Southern District of California, U..S.Court is the

4    proper venue for this causes of action.(28 U.S.C. 1391 (b). All parties reside in the

5    geographic area described.

6    4.  Plaintiff, Jean Wortham is an adult person (b.1945), mentally disabled person,

7    who suffers advanced stage of Alzheimer's disease.

8    **FIRST CLAIM FOR RELIEF: 42 U.S.C. §1983, §1985.**

9    5.  Jean Wortham and Jose Barajas Centeno are  "qualified" individuals with a

10   "disability" within the meaning of ADA section 101(8),42 U.S.C. 12, 111(8).

11   6.  During all relevant times mentioned in ths Complaint, plaintiff, Jose Barajas

12   Centeno was and still is a resident of the City of Carlsbad, as a homeless person.

13   7.  Mr. Centeno, plaintiff is a physically handicapped senior citizen, over 63 years

14   of age, and also suffers fear of Carlsbad Police officers who have harassed him on

15   several occasions in the past, and have committed battery on his person.

16   8.  Jean Wortham is a citizen of the United States and suffers advanced state of

17   Alzheimer's disease or disorder, she is physically handicapped and and suffers a

18   condition of mental disability within the meaning of Americans with Disabilities

19   Act. (42 U.S.C.§§§ 121310, 12132 and 12203.)

20   9.   At all relevant times mentioned herein, defendant, the City of Carlsbad was a

21   municipal corporation employs  dozens of persons, performing various jobs for the

22   population as well  as uniformed police officers for the purpose of policing the

23   city of Carlsbad and enforcing the laws of the state of California.

24   10 The principal, City of Carlsbad,   employer of hundreds of human beings, either

25   as attorneys, police officers, or street cleaners, and other occupations,  as agents, is

26   responsible for the torts ommitted by its agents within the scope of their

27   employement.

28   11.   During all times mentioned herein, defendants, unidentified Carlsbad police

1   officers, wearing uniform, and acting under color of state law, acting in concerted

2   action in the violation of federal and state constitutional rights, violated plaintiff's

3   constitutional rights under the Fourth amendment to the United States

4   Constitution.

5   12.  On or about July 16, 2021, at approximately 8 to 830 am, a number of

6   Carlsbad Police officers  appeared next to a senior citizen's center located at Pine

7   Park, located near the 2800 block of Harding Street, in the City of Carlsbad, and

8   without identifying themselves to Jose Barajas Centeno and wtthout an arrest or a

9   search warrant, detained him and arrested him by placing him  under physical

10  restraints, with handcuffs on his wrists.

11  13.  The arresting unidentified police officers wore body worn viedo cameras and

12  recorded the encounter with Mr. Centeno who offered no resistance as he was

13  detained and handcuffed without probable  cause  without an arrest warrant and

14  without any legal authority.

15  14.   The number of Carlsbad Police Officers acting in concert with each other and

16  displaying  authority as  police officers,  subdued Mr. Centeno and proceeded to

17  interrogate him, who, surrounded by 8 or more Carlsbad Police officers, did not

18  offer any resistance and who  was not able to communicate in the English

19  language, as he is a Spanish speaker. Carlsbad's Police officers failed to provide a

20  bi lingual interpreter to accommodate for his lack of English language skills to

21  communicate with the officers.

22  15.   Defendants, Carlsbad's police officers seized from Mr. Centeno a number of

23  documents related to the health of Jean Wortham, consisting of medical records

24  which Mr. Centeno as the guardian of Jean Wortham, possessed her medical

25  records of treatment for her condition of Alzheimer's disease.

26  16.   The seizure, detention, and  arrest handcuffing of Mr. Centeno by Carlsbad's

27  police officers deprived Mr. Centeno of his freedom, and caused anxiety, pain,

28  deprivation of his right of movement.  The detention and handcuffing caused great

1 fear, anxiety, depression, pain, suffering,   humiliation, embarrassment,

2 discomfort, and   distress.

3 17.a.   The combined actions of Carlsbad's uniformed police officers  acting

4 under color of law in and executing the illegal arrest, detention and deprivation of

5 Mr. Centeno's  right of movement,  thereby violated Mr. Centeno's Fourth

6 Amendment constitutional rights against the seizure of his person without

7 probable cause and without legal authority.

8 17. b. When Carlsbad's  unknown and unidentified police officers detained him,

9 placed handcuffs on him, detained him without an arrest warrant, and without

10 probable cause, the aforesaid officers violated M. Centeno's rights to be secure in

11 his person, against unreasonable searches and seizures, as guaranteed by the under

12 the Fourth Amendment to the United States Constitution and applied to the states

13 by the Fourteenth Amendment.

14 **SECOND CLAIM FOR RELIEF:   VIOLATION OF AMERICANS WITH**

15 **DISABILITIES ACE: 42 U.S.C. § 12131-12132 and 42 US.C. 1985.**

16 18.  Plaintiff repeats and re-alleges paragraph 4 through 17 of this complaint under

17 the theory of incorporation by reference with equal force and effect.

18 19.   During the illegal detention by  unknown, and unidentified  Carlsbad Police

19 officers seized from Mr. Centeno medical papers and documents which he held in

20 trust for Jean Worttham, (n. 1945), which papers were  related to her treatment,

21 medication, containing  names and addresses of medical professionals.

22 20.  Defendants   Carlsbad Police officers' seizures of the documents from Mr.

23 Centeno, were illegal, and interfered with the care and treatment of Jean Wortham.

24 21.   Mr. Centeno, as trustee of Jean Wortham's documents has the right to

25 advance this action against Carlsbad police officers and against the City of

26 Carlsbad under 42 U.S.C. §12132, and 28 C.F.R. 35.130.(g), *Niece f. Fitzner*, 922

27 F. Supp. 1208 (E.D.Mich. 1996).

28 20,   Jean Wortham,'s rights under Americans With Disabilities Act,  advanced by

1    Mr. Centeno, were violated by Carlsbad's police officer's actions in seizing

2    medical documents from Jose Barajas Centeno on July 16, 2021.

3    22.  Unknown and unidentified Carlsbad Police Officers acting under color of law

4    failed to accommodate to Jean Wotham's disability in illegally seizing private

5    documents.

6    23.  Jean Wortham, was and is a mentally and physically  disabled person subject

7    to the protection of the federal civil rights statute known as Americans with

8    Disabilities Act.

9    24.  The illegal seizure of the medical records and documents by unknown and

10   unidentified  defendants, Carlsbad's Police Officers interfered with Jean

11   Woetham's treatment and medications as shown in the documents seized by

12   defendants Carlsbad's police officers without legal authority.

13   **THIRD CLAIM FOR RELIEF:  FABRICATION OF BOGUS EVIDENCE**

14   **TO FRAME MR. CENTENO. ( CIVIL RIGHTS, 42 U.S.C. §1983)**

15   25.   In the year 2022, Jose Barajas Centeno owned an older 1983, or so model, a

16   motor home, Chevrolet which he parked during the day at Pine Avenue Park

17   located in the City of  Carlsbad, on Harding Avenue and Chestnut and Madison

18   Street.

19   26.  In the months of September and October 2022, the City of Carlsbad employed

20   a Caucasian male adult who printed on the parking citations his last name is Rigg,

21   badge number 5535, as an officer to enforce parking regulations and with apparent

22   authority to issue citations for violators of alleged  parking offenses.

23   27   On September 1, and September 3, 2022, Parking enforcement officer Rigg,

24   issued three parking citations alleging violation against Mr. Centeno, the first one

25   issued at 4 am, and the other at 4: 12 am.  The first alleged that Mr. Centeno's

26   vehicle was parked at Madison Street,  and the other reads the vehicle was parked

27   at Palm Avenue.

28   28.  Both citations were contested and an  initial review citation 608, 3461

1  Harding, and citation 601 for alleged violation at 866 Palm were dismissed.

2  29.    Police officer Rigg, badge number 5535, recorded the issuance of a citation

3  for parking violation against Jose Barajas Centeno, on September 12, 2022, at

4  04:59 am while Mr. Centeno's motor home  was allegedly  parked  at 3377

5  Madison Street, Carlsbad.    The citation states that the violation was "*video*

6  *captured*."

7  30.   The three parking citations were issued without a factual basis, as the location

8  where the alleged violations occurred do not have a prohibition sign against

9  parking.

10  31.    Parking official Rigg, Badge no. 5535,  Rigg issued the parking citations in

11  bad faith, without legal or factual basis to support  those citations.  The issuance of

12  2  parking violations were dismissed, while one citation remains un-adjudicated.

13  32.   The parking citations can be classified either as civil violations or as

14  infractions, were the product of bogus, and fabricated evidence.  None of the

15  locations described in the parking citations prohibit parking, and the false

16  information contained in the parking citation constitutes fabricated evidence.

17  33.  The fabtication of evidence by the City of Carlsbad's officer Rigg, was carried

18  oiut within the scope of the employment of Defendant City of Carlsbad's agent,

19  Officer Rigg, and under color of law.

20  34.    Mr. Centeno retained the services of counsel to investigate the facts and

21  circumstances of the alleged violation, and to file requests for dismissal, which

22  resulted in the findings that as to 2 of the citations, the citations were dismissed.

23  35.   Carlsbad's Officer Rigg, charged with issuing parking citations, maliciously

24  and with fabricated  evidence, issued 3 parking citations for the sole purpose to

25  denying Mr. Ceenteno his right to park his vehicle lawfully  on the streets of

26  Carlsbad, and the only fair interpretation for the officer's actions in issuing

27  fraudulent parking tickets,  seems to be a racially spiteful motivation due to the

28  fact that Mr. Centeno belongs to the Hispanic ethnic group.

36. Jose Barajas Centeno was caused anxiety,  concern ,worry about paying fines and even perhaps losing his vehicle, due to the falsehoods contained in the parking citations.

37. The City of Carlsbad, has refused to provide the status of one of the parking citations, despite muliple requests made by plaintiff's counsel to the city of dismiss the third citation.

### FOURTH CLAIM FOR RELIEF:

**CONSPIRACY BETWEEN DANIEL S. MODAFFERI, AND LORI S. TURNER TO FABRICATE A FRAUDULENT AND CORRUPT ITEM OF EVIDENCE, A LETTER DATED OCTOBER 6, 2020, WHICH WAS  FILED IN FEDERAL COURT  BY DANIEL S. MODAFFERI AS AN OSTENSIBLY LEGITIMATE  EXHIBIT IN CASE 3:19-CV-098, IN SUPPORT OF MONETARY JUDGMENT AGAINST PLAINTIFF'S  ATTORNEY. DEFENDANTS, NAMED LAW PARTNERS DEFENDANTS ARE  SUED FOR VICARIOUS LIABILITY AS  LAW PARTNERS OF DANIEL S. MODAFFERI, AND HIS ASSOCIATES AS A LAW PARTNERS.**

38. THE FOLLOWING ATTORNEYS' NAMES APPEAR IN LETTERHEADS MAILED BY DEFENDANT, DANIEL S. MODAFFEERI' TO PLAINTIFF DURING THE PENDENCY OF THE  ACTION CENTENO V. JORDAN WALKER, AND CITY OF CARLSBAD, 3:19-CV-2098,  Neal S. Meyers, Golnar J. Fozi, Jeremy M. Dwork, Athena Troy, Tom A. Wiseman, Steven SA. Sobieraj, Komal Jain, Michael V. Storti, Gabriel Kontarovski, Caroline G. Dirges,   Celia A. Brewer's name appears alongside other defendnts' letterhead, supportive of defendants' illegal actions, as hereinafter described.

39. Each  of the attorneys named  appear as members of the same law firm from which Daniel S. Modafferi has conducted and participated as the attorney for the City of Carlsbad,  in the torts described herein against defendants.   All of the named defendants are liable as partners in the law firm engaged in the illegal

1  actions described herein, affecting Jose Barajas Centeno. The named defendants

2  are liable under the theory of vicarious liability for the torts committed by Daniel

3  S. Modafferi. (Exhibit 1).  The City of Carlsbad is liable for the torts of its agent,

4  and agents, (Daniel S. Modafferi), and for the torts of each member of the law

5  firm.

6  **CONSPIRACY TO FABRICATE EVIDENCE: DEFENDANTS: DANIEL**

7  **MODAFFERI, LAW PARTNERS AND LORI S. TURNER.**

8  **40.   HOW DANIEL S. MODAFFERI CONSPIRED WITH LORI S.**

9  **TURNER, A COURT REPORTER, C.S.R. 9102,   AND FABRICATED  A**

10  **CORRUPT,  AND FRAUDULENT  LETTER DATED OCTOBER 6, 2020.**

11  **(EXHIBIT 2).**

12  **41.**  On July 22, 2020,  defendants by Daniel S. Modafferi, deposed plaintiff in a

13  federal deposition, case number 3:19-cv-2098 -RSH-DEB.  Defendant arranged

14  for court reporter Lori S. Turner, a board certified Court Reporter was retained to

15  transcribe the proceeding, license number 9102.  Rebecca Sotura, a bilingual

16  interpreter, was retained by defendants  to translate for the plaintiff whose native

17  language is Spanish.

18  42.  On October 26 2020, Daniel S. Modafferi filed in federal court a letter signed

19  by Lori S. Turner, as an exhibit Document 67-2, without providing any

20  explanation as to who contacted Lori S. Turner to produce such document, who

21  asked her to produce the letter, or how and when  the letter was conveyed from the

22  maker, Loir S.Tuner to Daniel S. Modafferi.

23  43.  Defendant, Daniel S. Modafferi, filed Lori S. Turner's letter two more times in

24  federal court, documents 128-3,and document 149, May 17, 2021, and on July 2,

25  2021.without disclosing the circumstances of how he obtained the corrupt

26  document.

27  44.  Daniel S. Modafferi was asked to provide contact information about Lori S.

28  Turner, but he declined. (Ex.3).  His statement that he had no contact information

with the court reporter is not credible.

45.   Court Reporter  Lori  S.  Turner was requested  to provide  information as to how she was contacted by Daniel S. Modafferi's law firm,  she declined.  (Exhibits 4 and 5).

46. Plaintiff's counsel contacted  Court Reporters Board of California to inform the agency  about Lori  S.  Turner's production of the letter dated October 6, 2020, and the circumstances of its production, her ex parte communication with Daniel S. Modafferi,  and mailing it to Daniel S. Modafferi.

47.  The Court Reporters Board of California which enforces  ethical rules of behavior to all registered court reporters of which Lori S. Turner belongs and must obey all ethical rules of professional conduct, found that Lori S. Turner's production of the letter exculpating herself and Daniel S. Modafferi of any wrongdoing in the production of the letter dated October 6, 2020,  violated the following rules.

48.  California Court Reporters Board found that Lori S. Tunrer in producing the letter dated Octoer 6, 2020, violated : (Exhibit 6).

a) Business and Professions Code 8025.  "***Fraud, dishonesty, corruption, willfull violation of duty, gross negligence, or incompetence in practice or unprofessional conduct in the practice of shorthand reporting. "Unprofessional conduct includes but is not limited to acts contrary to professional standards. Concerning confidentiality, impartiality, filing and retention of notes, notifications, availability, delivery, execution and certification, of transcripts and any provision of law substantially related to the duties of a certified shorthand reporter***."

    Lori S. Turner also violated Business and Professions Code 8025, subsection (I).  In conjunction with California Code of Regulations (CR, Title 16, Section 2475, (b)(6): "***At without bias toward or prejudice against any parties and or their attorneys.***"

1        Lorii S. Turner also violated California Code of Civil Procedure, CCP 2025.

2   320. ( c). *The deposition officer or the entity providing the services of the*

3   *deposition officer shall not provide or the entity providing the services of the*

4   *deposition office shall shall not provide to any party's attorneyor third party*

5   *who is financing all or part of the action any service or product consistig of the*

6   *deposition officer's notations or comments regarding the demeanor of any*

7   *witness attorney, or party present at the deposition.  The deposition officer or*

8   *entity providing the services of the deposition officer shall not collect any*

9   *personal identifying information about the witness as a service or product to be*

10  *provided to any party or third party who is financing all of part of the action*."

11  49.  The California Board of Court Reporters findings  described above are well

12  based legal conclusions of law and findings of fact, support the Board's

13  imposition of a fine of $500.00 (five hundred dollars), against Lori S. Turner.

14  50.   It is obvious and beyond doubt that the un-professional conduct perpetrated

15  by Lori S. Turner in issuing and signing the letter dated October 6,  2920, was well

16  described as "*corrupt, willful violation of duty, negligence and incompetence*",

17  attributed to Lori S. Turner.

18  51.  It is also axiomatic that Daniel S. Modafferi, is equally guilty of gross

19  professional misconduct in  the concerted action of  Court Reporter Lor S. Turner,

20  with Daniel S. Modafferi,  to produce the fraudulent and corrupt letter dated

21  October 6, 2020.  Both parties, Daniel S Modafferi, and Lori S. Turner are equally

22  responsible for the fabrication of the corrupt document.  Their joint wicked and

23  malicious conspiracy to fabricate a corrupt item of evidence and committing

24  fraud, succeeded in misleading the court into believing that the letter was

25  legitimate, proper and without a taint of fraud or corruption.

26  52.  There is no evidence that neither Daniel S. Modafferi nor Lori S. Turner

27  appealed or challenged in any way the findings of the gross violation and

28  unprofessional misconduct of the parties as determined ed  by the California Board

of Court Reporters.(Ex. 6).

53.   Neither Daniel S. Modafferi, nor the co-conspirator, corrupt fabricator, Lori S Turner has  disclosed how or when they communicated with each other, either personally or by way of using third party agent (sservants, or independent contractors, in the transmission of the corrupt letter  initially   in  the first contact by Daniel S. Modafferi, in requesting the production of the fabrication of the letter.

54.  At all relevant times that Daniel S. Modafferi participated in the civil deposition of plaintff on July 22, 2020, and during the time he contacted Lori S. Turner, either by his own contact, or through third parties, and during the times he filed the procured corrupt document in federal court, Daniel S. Modafferi, was acting as agent for defendant, City of Carlsbad, under color of law, and as a public figure, working on behalf of a municipal corpoeration, City of Carlsbad.

55.  All law associates members of the law firm from which Daniel S. Modafferi operates, are likewise, liable for all the torts committed by Danieel S. Modafferi as while working for his principle, defendant, City of Carlsbad.

56.  If defendants, Daniel S. Modafferi and Lori S. Turner  used  e- mail or U.S. mail, they violated 18 U.S.C. §1341, or 18 U.S.C. §1343, Mail Fraud or Wire Fraud, in accomplishing their illegal transmission of the document, the letter dated October 6, 2020, from the maker Lori S. Turner to the instigator  to fabricate the item, co-conspirator,  Daniel S Modafferi

57.   The co-fabricators of bogus and corrupt evidence have also failed to disclose the names of the parties who participated in the acts of defrauding the U.S. District Court, Southern District of California  by the filing of corrupt and illegal evidence through the Court's PACER electronic filing system.

## **FIFTH  CLAIM FOR RELIEF:**

### **FRAUD UPON THE COURT**

**58.  DEFENDANTS:  DANIEL S. MODAFFERI AND EACH MEMBER OF**

**THE LAW FIRM, FOZI, MEYERS, AND DWORK, FOR COMMITTING**
**FRAUD UPON THE COURT IN FILING IN FEDERAL COURT THE**
**CORRUPT LETTER DATED OCT. 6, 2020.**

59. Daniel S. Modafferi, has been issed a license to practice law. He has been hired by the City of Carlsbad to represent the City of Carlsbd to defend it in civil rights cases and other cases as well.

60. Daniel S. Modafferi is a public figure, he has appeared in cases on behalf of the City of Calrsbad, Ca., in federal courts.

61. He has made false declarations and has filed fraudulent exhibits as shown by the documents presented. As an agent for the City of Carlsbad, he has been carrying out various legal tasks under color of state and federal law.

62. Daniel S. Modafferi's fraudulent and corrupt practices in the production of documents, and in the filing of documents to deceive and commit Fraud upon the Court, represents a danger to the citizens of the state of California. He has colluded with the U.S. Magistrate law clerk, in his refusal to accept a federal subpoena or or about January 11, 2021 to testify about his fraudulent representations he has made to the court.

63. Once Daniel S. Modafferi received from Lori S. Turner , CSR. 9102, the fabricated letter October 6, 2020, the item of evidence, sometime between July 24, 2020 and October 26, 2020, and knowing the circumstances of its creation, in conspiracy with Lori S. Turner, Daniel S. Modafferi, he filed the letter with malicious intent to dupe, to mislead, to cheat and bamboozle the federal judicial officers, and prejudice them against plaintiff. He succeeded in perpetrating a faud, all the time he was , was collecting pay from the taxpaying citizens of the City of Carlsbad, California.

64. Daniel S. Modafferi, using either electronic means of communications, PACER system, filed on October 26, 2020, Document 67-2, in federal court the fabricated item of evidence Lori S. Turner's letter, dated October 6, 2020.

65.  Daniel S. Modafferi, violated U.S. Wire  Fraud 18 U.S.C. §1343, by using electronic means of communication to file a corrupt and illegal document.

66..  Daniel S. Modafferi, defendant, also violated Wire Fraud 18 U.S.C §1341 in the use of the electronic filing system, PACER, in filing the same document in the Unnited States District Court, Southern District of California on May 17, 2021, Document 128-3.

67.  Daniel S. Modafferi, feeling satisfied that his  fraudulent scheme had succeeded and that the filing of the corrupt letter had not come to the attention of the  judicial officers, still managed to file the corrupt item of fabricated evidence, filed it still aother time, on July 2, 2021,Document 149, 3 of 14.

68.   The multiple acts of defrauding the court by defendant Daniel S Modafferi and his legal  associates, as aiders and abettors, resulted in the imposition of fines by U.S. Magistrate Daniel E. Butcher, who had issued unjustified fines against plaintiff's counsel, in violation of fundamental rights of due process under the 14th amendment to the U.S. Constitution, to present evidence, to cross examine witnesses, to subpoena witnesses, under the due process clause of the 14th amendment, to due notice of jurisdictional basis for the prosecution, and to a fair and detached neutral judge.

69. Magistrate Judge Daniel E. Butcher lacked jurisdiction to even entertain an "OSC," which is not a recognized legal procedures in the Federal Rules of Civil Procedure, thereby exercising extra judicial authority, without legal basi.

Any legal proceedings in the absence of legal jurisdiction result in void or voidable judgments, ab initio.  Federal Courts are courts of limited jurisdiction.

## SIXTH  CLAIM FORE RELIEF: MUNICIPAL LIABILITY FOR UNCONSTITUTIONAL CUSTOM, OR POLICY.

70..  Plaintiff, Jose Barajas Centeno, repeats and realleges each and every allegation in paragraph one through 33, of this Complaint with the same force and effect as if fully set forth herein.

71  On and for some time, prior to July 16, 2021, and continuing to the present date, defendant, City of Carlsbad deprived plaintiff, Jose Barajas Centeno, of the rights and liberties secured to them by the Fourth and Fourteenth Amendments to the United States Constitution. In that City of Carlsbad and the supervising and managerial employees agents and representatives including Does -through 10, acting with reckless indifference to the rights and liberties of the public in general, and of plaintiffs and their class, situation and comparable position, in particular, knowingly maintained enforced and applied an official recognized custom, policy and practice of:   failing to discipline police officers who violated constitutional rights of senior citizens; (b) failed to train police officers on investigation of Ada complaints;

72.     Executive officers of the municipal corporation were aware of the deficiencies of City of Carlsbad Police departnemtne's failure to investigate instances of police abuse upon senior citizens and of other defective procedures such as the failure to provide accommodation to non-English speakers for the return of personal property that had been illegally seized by police officers, and did not investigate these deficiencies to remedy the problems, and remained insensitive to the need to establish discipline in the municipality.

72  City of Carlsbad executive authorities have failed to retain a professional ADA official in order to make the City of Carlsbad comply with  the policies and procedures needed  to be in compliance with ADA rules and regulations.

**SEVENTH  CLAIM FOR RELIEF : VIOLATION OF FIRST AMENDMENT OF U.S.  CONSTITUTION RIGHT TO EXPRESS OPINIONS.**

73.   On or about the latter part of the year 2021, plaintiff's counsel mailed via U.S. mail service a number of letters accusing Daniel S. Modaferi, of being a serial liar, and  in repeating lies, as a practice of Nazis by repeating over and over a lie, which in the view of the Nazis, the repeating a lie, eventually becomes truth.

74.  The letters sent by plaintiff's counsel to defense counsel contained expressions of personal opinion in which  Paintiff referred to defense counsel as crass, uncultured, uncivilized, a disgrace to the human race, etc., as a form of disaproval of Daniel S. Modafferi's acts of mocking plaintiff and plaintiff's counsel during a deposition on July 22, 2020.

75.  Plaintiff's counsel also threatened defense counsel to use all  force necessary to defend himself from any unprovoked attacks.

76.  Plaintiff sent a letter to the mayor of Carlsbad, Matt Hall, complaining about Daniel S. Modafferi's misconduct, as a petition to the head of a municipal government for redress of grievances, as protected speech.

77.  The letters sent by plaintiff's counsel to defense counsel  as described above, were never meant to be used in pleadings to the court, but were private letters to defense counsel, which were aptly composed as expressions of disaproval of defense counsel's behavior in mocking plaintiff during a deposition of July 22, 2020.

78.  Defense counsel, Daniel S.Modafferi, did not  object  to being described in writing as a "serial liar," or as "crass, uncivilized, or as a disgrace to the human race."

79.  Defense Counsel, Daniel S Modafferi, did not object to the adjectives leveled at his misconduct either by his own volition, or through any one of the dozen associates of his law firm.  His silence acquiesced to the adjectives. *Qui tacet consentire videtur*.

80..  Plaintiff's description of Daniel S. Modafferi are apt descriptions written in exaggerated manner, as figures of speech, and as hyperbolic rhetoric, protected by  the First Amendment of the U.S. Constitution.

81.   Defendant, Daniel S. Modafferi, did not have permission from plaintiff's counsel, to file in court,  the letters containing multiple negative  adjectives describing him in florid exaggerated language.

- 16 -

82. The Court per U.S. Magistrate Daniel E. Butcher, interpreted plaintiff counsel's  letters as a basis for an *Order to Show Cause,* a non-existant statue, not found in the Federal Rules of Civil Procedure, and therefore, lacking jurisdictional authority to issue such a procedure against plaintiff's counsel.

83. Defendant, Daniel S. Modafferi's actions in filing plalintiffl's letters in court had the effect of chillig any ordinary attorney's rights to express his First Amendment freedom of expression and  from continuing to engage in his protected activity.

84.  The plaintiff's counsel's protected First Amendment activity was a substantial or motivating factor in the defendant's conduct.

85.  Defendant, City of Carlsbad, received plaintiff's counsel's letter describig Daniel S. Modafferi's misconduct, and defendant, City of Carlsbad,  never objected to the description of Daniel Modafferi's misconduct.

86. Plaintiff' counsel's letter describing Daniel S Modaferi's misconduct was plaintiff's rights to petition redress of grievances, a matter of public interest.

87. Daniel S. Modafferi's actions in the defense of Defendant City of Carlsbad, are matters of public concern and public issues of general interest.

88. Daniel S. Modafferi's actions as attorney for defendant, City o Carslbad, qualify  him as a public figure.

89. Defendant Daniel S. Modafferi' actions in using plaintiff's letters and filing them in Federal Court resulted in predatory  fines and  punishment for plaintiff's counsel's exercise his First Amendment constitutional rights to expression of his opinion.

90. Plaintiff's description of defendant Daniel S. Modafferi's misconduct is protected by the Supreme Court of the United States as hyperbolic rhetoric, and the imposition of fines,  as "punishment," violates plaintiff's rights under  the First Amendment of the United States Constitution and the 14th Amendment.

91.  Plaintiff's letters mailed directly to Daniel S. Modafferi, were received by

defendant.  Plaintiff never intended for the misives to be filed in federal court for any purpose.

92.   Defendant, Daniel S. Modafferi filed the letters described above without permission from the author, plaintiff's counsel.

93.  Plaintiff's letters describing Daniel S. Modafferi came to public light thanks to the actions by Daniel S. Modafferi, in filing them and making them public and to the attention of defendant's own actions.

94.  The use of the letters mailed to Daniel S. Modafferi describing him as a "*disgrace to the human race*,' and other terms, constitutes a theft of hyperbolic rhetorical expressions owned by plaintiff's counsel, and Daniel S. Modaferi lacked any rights to the use of the terms such as filing them in court, without the author's permission

## **EIGHT CLAIM FOR RELIEF:**
## **CONVERSION**

95.   Plaintiff repeats and re-alleges paragraphs 74 through 90 of this complaint, with the same force and effect  as if the allegations   had been written herein.

96.  Defendant's use without the author's consent, and permission, by defendant's filing the letters in the United States District Court, Southern District of California, constitutes theft of intellectual property.

97.  Defendants, Daniel S. Modafferi, and law partners have profited by the use of plaintiff's composition, "Disgrace to the human race," describing defendant Daniel S. Modafferi epithet, by using it without the owner, to profit and obtain moetary judgments.

98.  Plaintiff's counsel, did not authorize the use of the terms used for private use, and the use of the adjectives to be exhibited in court documents.

99.  Plaintiff's cousel was harmed by defendants' conversion of hyperbolic

1  rhetoric for its own impermissible purposes.

2  99.  Plaintiff suffered actual damages, emotional damages, and cnsequential

3  damages in sums to be determined by the court according to proof.

4  **NINTH  CLAIM FOR RELIEF: VIOLATION OF CAL. CIVIL**

5  **CODE 47 (b).**

6  100.   Plaintiff's counsel'S  expressions of opinions using  hyperbolic rhetoric,

7  such as describing  of  Daniel S. Modafferi in private mail, a serial  liar, crass,

8  uncivilized, a disgrace to the human race, etc., arose during a civil litigtation.

9  101.  The terms referred to were caused by Defendant Daniel S.Modafferi's

10  misconduct in mocking plaintiff.

11  102.  The adjectives were leveled by plaintiff's counsel, during litigation of issues

12  in civil proceedings.

13  103.  Plaintiff's expressions as described above, are protected by the ancient and

14  robust  theory of litigation privilege, under Cal. Civil Code 47b.

15  104.  The author  of the terms referred to above, paragraph 100  were written by

16  plaintiff's counsel to defendant's counsel, Daniel S. Modafferi.

17  105.   Defendants use of plaintiff's adjectives without plaintiff's permission, by

18  filing them in the U.S. Dist. Court,  violate Cal. Civ. Code 47 (b).

19  106.  Defendants' have unlawfully profitted from violating Cal. Civ. Code 47(b).

20

21  **PRAYER FOR RELIEF:**

22  Wherefore plaintff prays for judgment against defendants as follows:

23  (a).  Against the City of Carlsbad, as Principal, to pay for all constitutional and

24  common law tornts committed by its agents, Daniel S. Modafferi, and each of the

25  members of the law firm, including each named attorney named in paragraph, 38

26  of this complaint.

27  (b).  Entry of a money judgment against the City of Carlsbad awarding plaintiff,

28  Jose Barajas Centeno compensatory damages for causes of action, according to

1  proof at trial.

2  ( c).  An award to Plaintiff of his reasonable attorney's fees, expenses and costs.,

3  for all causes of action.  **42 U.S.C. §1988.**

4  (d).  An award to plaintiff of such other and further legal and equitable relief as the

5  Court deems just and proper,

6  (e).  Plaintiff demands judgments against defendants, jointly and severally,

7  against attorneys listed as defendants, the partners of the law firm associated as

8  members of the law firm, liable vicariously, or in the alternative as aiders and

9  abettors of Daniel S. Modafferi, for  damages for their conspiracy in colluding

10  with Lori S. Turner in fabricating bogus  evidence and in the filing of the

11  document and violating  of Wire Fraud or Mail Fraud, 18 U.S.C. §1341 and or 18

12  U.S.C. §1343.

13  (f),  Payment of reasonable attorneys fees to plaintiff's counsel for the

14  investigation and legal proceedings in obtaining the citation against Lori S. Turner

15  and for the commission of Fraud Upon the Court, in the defendants' filing and

16  duping the federal court.;

17  (g).  Adjudging the City of Carlsbad as vicariously liable for the torts committed

18  by its agients, unknown unidentifiable police officers who viiolated plaintiff's

19  civil rights, and caused harm to plaintiff.

20  (h),  Adjudge the City of Carlsbad as liable for the acts of its servants, agents,

21  including each and every attorney of the law of Daniel S. Modafferi pursuant to

22  section 815.2(a), of the California Government Code which povides that a public

23  entity is liable for the injuries caused by its employees within the scope of the

24  employmentif the employees act would subject him or her to liability.

25  ( I) Judgment against Lori S. Turner according to proof at trial.

26  (j).  To avoid the implication that Defendants in law firm and all partners of Daniel

27  S. Modafferi, received public funds as compensation during the time that a

28  member was actively participating in the fabrication of evidence in conspircy with

1  known and unknown associates, plaintiff requests the court to exercise its Euitable

2  powers and once the information comes to light as to the sums received by the

3  members of the law firm, the court should issue an order for the law firm to

4  disgorge the defendant's illegal wages be returned to the City of Carlsbad, as

5  reimbursement, or as return of ill obtained gains by the defendants illegal practices

6  in committing fraud upon the court, and for the acts of consipracy to fabricate

7  evidence.

8

9  Jury Demand

10

11

12                                    Genaro Lara, _

13                                      //ss//
                                      110 West C Street, Suite 1324

14                                    San Diego, CA 92101
                                      Dec. 2, 2022

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  EXHIBIT          1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Genaro Lara**, Attorney at Law
550 West Vista Way, Suite 106
Vista, CA 9208

February 18, 2022          Tel: 760-8094942          genarolara62@aol.com

Neal S. Meyers
1808 Astor Avenue, Suite 100
Carlsbad, CA 92008

Dear Mr. Meyers:

Your name appears in a letterhead I received from an attorney, Daniel S. Modafferi
in a civil rights case in which he is one of two attorneys that have responded on
        behalf of the City of Carlsbad and two police officers, case entitled
Centeno v. Jordan Walker, James Gallivan and City of Carlsbad. 3:19-cv-2098.This
is a letter of inquiry regarding your association with the attorneys whose names appear
in the same letterhead as yours.  You are free to ignore it, or respond if you wish, or
do whatever action you feel is  appropriate .
        I will assume that you are familiar with the work that has been done by Mr.
Modafferi, during the litigation,  if not in its totality, at least at the most basic level.
I also assume, having taken notice of Mr. Modafferi's actions in the above cited case,
please state whether you approve or disapprove of his conduct, or whether you do not
wish to answer any questions posed about Mr. Modafferi's professional conduct in the
case.  Are you willing to testify for or against Mr. Modafferi in court, if subpoenaed
in the above case should the case be tried in the near future in federal court on the
issue of professional misconduct, or in the alternative, if the issues litigated were
issues related to the use of electronic means of communication, mail fraud or  wire
fraud?  (18 U.S.C. §1341, or 18 U.S.C.§1343)
I will assume there is an agreement between members of your law firm regarding the
liability of a member's actions in any particular case, and how the other members are
affected to the extent that any one of them, having personal knowledge of a members'
legal actions, could be called to testify in court about an issue that arises in a trial
regarding a member's liability in violation of federal law.
        I wanted to inquire to each of the members of the firm, persons named in the
leter head, and I might, depending on whether you respond to this professional inquiry.

        Thank you for your considered reply.

Respectfully,   Genaro Lara _____

Genaro Lara
550 West Vista Way,Suite 106
Vista, CA 92083

February 21, 2022         Tel: 760-8094942          genarolara62@aol.com

Neal S. Meyers,
Golnar J. Fozi,
Jeremy M. Dwork
1808 Aston Avenue, Suite 100
Carlsbad, CA 92008

Re: Judgment for $1,000.00 ordering the subscribed  writer to pay to Daniel
S. Modafferi for violation of  "OSC."   Document 171, filed Oct. 1, 2021
Case: 3:19-2098, Centeno v. City of Carlsbad, Jordan Walker, James
Gallivan.

Dear Mrs. Meyers, Fozi, Dwork:

        On Oct.1, 2021, Hon. J. Lorenz issued an order directing me to pay
Daniel S. Modafferi the sum of $1,000.00 (One Thousand Dollars), as a
result of my opinion I expressed in a letter to Daniel S. Modaffer in
September and October 2021, about Mr. Modafferi's misconduct for his
behavior during a civil deposition of July 22, 2021.
        Daniel S. Modafferi prosecuted in bad faith an OSC., against me.  He
did not meet and confer with me before filing the OSC., He was served
with a subpoena to appear at the hearing for the OSC before Mag. Butcher,
and I was denied right to call witnesses on my behalf.  I am not going to
repeat my arguments I made on the record of the "OSC" proceedings.
        I paid fully the sums ordered by the court in a timely manner,
pending only the "visit," of a standing committee, appointed by the court,
or to be appointed by the court to complete the judicial lynching of me.
I also reported to the California State Bar the circumstances of the judicial
lynching I suffered at the hands of your law firm through Modafferi, and
seconded by the Magistrate and the Court.

The identity of those members of such committee are unknown to me, but it is part of judicial tyranny that has been ordered, all instigated by Daniel S. Modafferi's misfeasance.

The only reason I write this letter to the top three persons whose names appear on the letterheads sent by D.S. Modafferi, is to inform all of the persons lilsted as members or Mr. Modafferi's associates, is that each one of them is liable for Mr. Modafferi's misconduct during hte litigation of the case filed by Mr. Centero against the City of Carlsbad. Mr. Modafferi is the torfeasor, and each member of the law firm are aiders and abetters, associates of Mr. Modafferi in the civil case. I attempted to appeal the fines imposed by the court but the appeal was premature and the ruling was not a final judgment. I intend to proceed once the time to apeal is ripe, to proceed to the 9th Cir. Court of Appeal and appeal the flawed criminal procedure upon which Magistrate Daniel E. Butcher prosecute me. There are serious flwas in the magistrate proceeding outside its limited jurisdiction on an "OSC" a flawed procedure which is not even contained in the Federal Rules of Civil Procedure. At any rate, having stated my purpose of this letter to implicate civil liability upon all members of Mr. Modafferi's associates, I will list each one as party defendant as aiders and abetters of Mr. Modafferi's misconduct.

Respectfully,

Genaro Lara

1    EXHIBIT      2

Case 3:22-cv-01913-JLS-DEB   Document 1   Filed 12/05/22   PageID.27   Page 27 of 38
Case 3:19-cv-02098-GPC-DEB   Document 212   Filed 05/23/22   PageID.3353   Page 33 of 39
Case 3:19-cv-02098-GPC-DEB   Document 167-1   Filed 10/29/20   PageID.628   Page 1 of 1

I, Lori S. Turner, hereby declare:

1. I am over the age of 18 and a resident of the County of Los Angeles. I make this declaration of my own personal knowledge.

2. I am a certified shorthand reporter, CSR No. 9102. I have been a certified shorthand reporter for over 30 years. I spent two years in the courtroom covering one department in Orange County and the rest as a deposition court reporter. I average over 200 depositions a year. My license with the Court Reporters Board of California is current and in good standing. I have never had a complaint filed against me. I hold my position as an officer of the court in high regard and always conduct myself in a professional and unbiased manner.

3. On July 22, 2020, I was the court reporter for a deposition in the matter of *Jose Luis Barajas Centeno v. City of Carlsbad, et al.*, Southern District of California, Case No. 3:19-cv-02098. The deponent was plaintiff Jose Luis Barajas Centeno. The deposition took place at an office located at 2244 Faraday Avenue, in Carlsbad, California. The deposition was videotaped by Christopher Chain. It was translated by Spanish Language Interpreter Rebeca Sotura Nickerson.

4. I have been informed that plaintiff's attorney, Genaro Lara, has accused me, Mr. Modaferri, and Ms. Nickerson making fun of him by pointing to our ears. I did not observe anyone in that deposition of making fun of Mr. Lara or anyone else. I did not engage in the behavior I am accused of, and I did not observe Ms. Nickerson or Mr. Modafferi engaging in any mocking of Mr. Lara.

5. I declare under penalty of perjury, under the laws of the United States and the State of California, that the foregoing is true and correct. Executed on October 6, 2020, in Long Beach, California.

Lori S. Turner, CSR No. 9102

1   EXHIBIT          3

**Genaro Lara, Attorney at Law**
550 West Vista Way, Suite 106
Vista, CA 92083

February 9, 2022          Tel: 760-809-4942          genarolara62@aol.com

Daniel S. Modafferi, Esq.
1808 Aston Avenue, Suite 100
Carlsbad, CA, 92098

Re:  Contact information for Court Reporter Lori Turner, who transcribed
deposition on July 22, 2020 Case: 3:19-cv-2098, Centeno v. City of Carlsbad,
3:21-cv-01022, Centeno v. Daniel S. Modafferi, et al.

Dear Mr. Modafferi:

Please provide me with contact information af Lori Turner.  She was retained to
trascribe and produce the deposition reports.  She also provided you with a written
statement about the deposition  I am interested in learning  the name of the person
who contacted her and asked her to write a declaration, the date when she was
contaced, whether it was a personal contact or in writing, or by phone.  By contact
information I meant her phone number, mail address, or e mail address.  If a letter
was sent to her, requesting to write the declaration please provide copy of that
letter, whether it was a letter sent through U.S. mail or an e mail erved
electronically. If she was contacted by phone, please provide the phone number
called, the name of the person who called, and the date of the call.
I look forward to your cooperation.  Thank you for your professional cooperation.

Sincerely,

Genaro Lara

Neal S. Meyers
Golnar J. Fozi
Jeremy M. Dwork
Daniel S. Modafferi

# MEYERS FOZI & DWORK LLP

Michael V. Storti
Gabriel N. Kontarovsky
Sean L. McKaveney
A.J. Sparagna
Canaan J. Knapp

5942 Priestly Drive
Suite 100
Carlsbad, CA 92008
Tel: (760) 444-0039
Fax: (760) 444-0130
www.meyersfozi.com

Writer's Direct:
dmodafferi@meyersfozi.com

February 15, 2022

*Via Email Only*
genarolara62@aol.com

Genaro Lara, Esq.
550 West Vista Way, Suite 106
Vista, CA 92083

Re:   **Barajas Centeno v. City of Carlsbad, et al.**
       United States District Court Case Number: 19cv2098-L(DEB)

Dear Mr. Lara:

This letter is in response to your February 9, 2022, letter to me, in which you requested that I provide you with the contact information of certified shorthand reporter Lori Turner. I do not have Ms. Turner's contact information. My office scheduled plaintiff's deposition through Centext Legal Services, whose information is reflected on the deposition transcript.

Sincerely,

Daniel S. Modafferi

1  EXHIBIT        4

Genaro Lara
550 West Vista Way, Suite 106
Vista, CA 92083

March 2,  2022          Tel: 760-809-4942          genarolara62@aol.com

Lori S. Turner, DSR9102
5876 E. Pageantry Street
Long Beach, CA 90808

Re: Letter  you wrote about the deposition of Jose Luis Barajas Centeno, on
July 22, 2022: Request for the production of documents:

Dear Lori S. Turner:
     Please provide copies of any e mails, letters, received from the law
offices of Daniel S. Modafferi, related to your writing a letter on behalf of
said attorney, requesting your writing of a letter which you allegedly
signed, and dated.   If the messages were sent by Daniel S. Modafferi or
soneone on his behalf, please identify them by date, mail recipient e mail
address, and content of hte messages.
     As a certified court reporter you were subject to a code of ethics
which governs your conduct and behavior during the taking of a
deposition.   Your role as an ethical professional court reporter is at issue in
the facts and circumstances of this case.  Your cooperation in this
investigation is greatly appreciated.

Sincerely,


Genaro Lara

EXHIBIT 5

Genaro Lara
550 West Vista Way, Suite 106
Vista, CA 92083

March 2,   2022          Tel: 760-809-4942          genarolara62@aol.com

Lori S. Turner, DSR9102
5876 E. Pageantry Street
Long Beach, CA 90808

Re: Letter  you wrote about the deposition of Jose Luis Barajas Centeno, on July 22, 2022: Request for the production of documents:

Dear Lori S. Turner:
    Please provide copies of any e mails, letters, received from the law offices of Daniel S. Modafferi, related to your writing a letter on behalf of said attorney, requesting your writing of a letter which you allegedly signed, and dated.   If the messages were sent by Daniel S. Modafferi or soneone on his behalf, please identify them by date, mail recipient e mail address, and content of hte messages.
    As a certified court reporter you were subject to a code of ethics which governs your conduct and behavior during the taking of a deposition.   Your role as an ethical professional court reporter is at issue in the facts and circumstances of this case.  Your cooperation in this investigation is greatly appreciated.

Sincerely,


Genaro Lara

EXHIBIT 6

STATE OF CALIFORNIA BUSINESS, CONSUMER SERVICES AND HOUSING AGENCY GAVIN NEWSOM, GOVERNOR



DEPARTMENT OF CONSUMER AFFAIRS

# COURT REPORTERS BOARD
## OF CALIFORNIA
2535 Capitol Oaks Drive, Suite 230, Sacramento, CA 95833
Phone (916) 263-3660 / Toll Free: 1-877-327-5272
Fax (916) 263-3664 / www.courtreportersboard.ca.gov



SENT VIA US MAIL

April 11, 2022

Genaro Lara, Esq.
550 West Vista Way, Suite 106
Vista, CA 92083

**RE: COMPLAINT #2122076 FILED AGAINST LORI S. TURNER, CSR 9102; FINAL ACTION TAKEN**

Dear Mr. Lara:

The Court Reporters Board of California (Board) received your above-referenced complaint on March 7, 2022, and notified you of its initial action taken on March 7, 2022.

On March 29, 2022, the Board issued a citation in the above-referenced matter. A copy of the citation is enclosed for your review.

Please feel free to call the Board should you have any questions.

Thank you for bringing this matter to the Board's attention.

Sincerely,

**COURT REPORTERS BOARD OF CALIFORNIA**
Enforcement Analyst

Enclosure(s)

cc: File



# COURT REPORTERS BOARD OF CALIFORNIA

# CITATION

Licensee:     Lori S. Turner

License #:    9102

Citation #:   2022-02

Yvonne K. Fenner issued this citation in her official capacity as Executive Officer of the Court Reporters Board of California (hereinafter referred to as the "Board").

## LICENSING HISTORY

1.  The records of the Board show that on January 23, 1991, the Board issued license number 9102 to Lori S. Turner, a CSR in the State of California. Ms. Turner's CSR license expires February 28, 2023.

## CITATION

2.  A citation is hereby issued to you in accordance with Business & Professions Code section 125.9 for violation(s) as described below.

## CAUSE FOR CITATION

3.  a)  Violation of Business and Professions Code Section 8025: (d) *Fraud, dishonesty, corruption, willful violation of duty, gross negligence or incompetence in practice, or unprofessional conduct in the practice of shorthand reporting. "Unprofessional conduct" includes, but is not limited to, acts contrary to professional standards concerning confidentiality; impartiality; filing and retention of notes; notifications, availability, delivery, execution and certification of transcripts; and any provision of law substantially related to the duties of a certified shorthand reporter.*

    b)  Violation of Business and Professions Code Section 8025, subdivision (i), in conjunction with California Code of Regulations (CCR), Title 16, section 2475 (b)(6): *Act without bias toward, or prejudice against, any parties and/or their attorneys.*

    c)  Violation of California Code of Civil Procedure (CCP) section 2025.320: (c) *The deposition officer or the entity providing the services of the deposition officer shall not provide to any party or any party's attorney or third party who is financing all or part of the action any service or product consisting of the deposition officer's notations or comments regarding the demeanor of any witness, attorney, or party present at the deposition. The deposition officer or entity providing the services of the deposition officer shall not collect any personal identifying information about the witness as a service or product to be provided to any party or third party who is financing all or part of the action.*

continued

C&F 2022-02                         -2-                         **March 29, 2022**

Ms. Turner was the court reporter of record to report and transcribe the following deposition proceeding:

♦ Deposition of Jose Luis Barajas Centeno in the case of *Centeno vs. City of Carlsbad, et al.*, taken July 22, 2020.

On or about October 6, 2020, Ms. Turner provided a declaration to one party's attorney in violation of CCP section 2025.320 (c).

### ORDER

4.   A civil penalty (fine) in the amount of $500 is assessed against Lori S. Turner pursuant to Title 16, California Code of Regulations, Section 2480, for violation of sections 8025 (d), and (j); CCR Title 16 section 2475 (b)(6); and CCP section 2025.320 (c).

The citation shall become a final order of the Board within 30 days after service of the citation. Payment of the civil penalty is due within 30 days after service of the citation, unless a payment plan is requested. Payment(s) should be made payable to the Court Reporters Board, 2535 Capitol Oaks Drive, Suite 230, Sacramento, CA, 95833. Please indicate your citation number on your check. Payment of the fine does not constitute an admission of the violation charged.

If you wish to request a formal hearing, pursuant to Chapter 5 (commencing with Section 11500) of Part 1 of Division 3 of Title 2 of the Government Code, you must return the enclosed "Notice of Appeal" to the Board office, at the address listed above, to my attention, within 30 days from the date of issuance of this citation.

For your protection, please include the citation number on your check or cashier's check/money order.

Failure to return the Notice of Appeal form within the time indicated will waive your right to administratively contest or appeal this citation.

*Yvonne K Fenner*
**YVONNE K. FENNER**
Executive Officer

3-29-2022
DATE